IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARY D. WELGS, et al., | ) CASE NO. 1:10 CV 1241 |
| | ) |
| Plaintiffs, | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) |
| | ) |
| MICHAEL A. DOLAN, et al., | ) <u>MEMORANDUM OPINION</u> |
| | ) <u>AND ORDER</u> |
| | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's Motion to Remand. (ECF #11). For the reasons that follow, Plaintiffs' Motion to Remand is granted.

**PROCEDURAL BACKGROUND**

Plaintiffs Mary Welgs and John P. Dolan, filed this action on May 5, 2011 against Defendants Michael and Shannon Dolan in the New York Supreme Court in Chautauqua County, New York, seeking partition of the real property located in Chautauqua County, New York, which is currently jointly owned by Plaintiffs and Defendants.

Defendants removed the action to this Court on June 16, 2011, pursuant to 28 U.S.C. § 1441, alleging that federal jurisdiction exists under 28 U.S.C. § 1332, in that Plaintiffs are citizens of New York and California and Defendants are residents of Ohio and the amount in controversy exceeds $75,000. Plaintiffs move to remand based upon Defendants' clear violation of the removal procedures set forth in 28 U.S.C. §§ 1441(a) and 1446(a). Specifically, § 1441(a) permits the defendant(s) to remove any civil action brought in state court of which the district courts of the United States have original jurisdiction **"**to the district court of the United States for

the district and division embracing the place where such action is pending." Further, § 28 U.S.C. §1446(a) requires the defendants to "file in the district court of the United States for the district and division within which such action is pending a notice of removal." Defendants ignored these statutory requirements when they filed their notice of removal in the Northern District of Ohio. Thus, Plaintiffs contend that this Court lacks jurisdiction based upon Defendants' improper removal to do anything but remand the action to the Supreme Court of New York in Chautauqua County, New York. Defendant counters that the Motion to Remand does not question the existence of this Court's subject matter jurisdiction and contends that this Court thus has jurisdiction to transfer the action pursuant to 28 U.S.C. §§1404(a) and/or 1406(a) to the United States District Court for the Western District of New York.

## DISCUSSION

A defendant seeking to remove an action from state court has the burden of demonstrating that the federal court has subject matter jurisdiction. *See Danca v. Private helath Care Systems, Inc*., 185 F.3d 1,4 (1st Cir. 1999). Moreover, courts strictly construe the removal statutes and all doubts are construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941), *Keller v. Honeywell Protective Services*, 742 F. Supp. 425, 426 (N. D. Ohio 1990). Strict construction of the removal statutes is necessary because removal jurisdiction encroaches on a state court's jurisdiction. Thus, the Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts.

*Brierly, v. Alusuisse Flexible Packaging, Inc*., 184 F.3d 527, 534 (6th Cir.1999).

There is no dispute between the parties as to certain issues. The parties all recognize that Defendants failed to remove this action in accordance with the removal procedure set forth in 28 U.S.C. §§ 1441 and 1446. Specifically, there is no provision in the removal statutes to remove a case to a different district, much less a different state from where the state court action was filed. The parties also agree that diversity jurisdiction exists and that therefore, this Court has subject matter jurisdiction. If Defendants had removed the action in accordance with the removal statutes, the case would now be pending in the United States District Court for the Western District of New York, which is the district court of the United States for the district and division embracing the place where the action was filed in state court. See § 1441(a). Further, it appears that Plaintiffs would have had no basis to move to remand the action if Defendants would have removed the action in accordance with the clear requirements of §§ 1441 and 1446. Plaintiffs ask that the case be remanded to state court. Defendants request that their egregious procedural error be ignored and that the case be transferred to the Western District of New York.

While the scenario at bar does not often arise, no doubt because the removal statutes are clear as to the required procedure, it has occurred. In those cases, it seems that the Defendants' error in removing to the wrong district, or even more egregiously, the wrong state, is a procedural error that can be waived. *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1391 (11th Cir. 1997); *Mortensen v. Wheel Horse Products, Inc.*, 772 F.Supp. 85 (N.D.NY.1991); *Cook v. Shell Chemical Co.*, 730 F.Supp.1381 (M.D.LA 1990). Moreover, a case may be transferred to the proper federal court pursuant to 28 U.S.C. §§ 1404 or 1406, rather than remanded to state court, if the interests of justice permit transfer. *Mortensen*, 772 F.Supp. at 91. Other courts have determined that a party who deliberately removes an action to the wrong district should not be

3

rewarded with a transfer to the correct federal court.  Rather, such obvious attempts at forum shopping should not be countenanced and remand should be granted.  *See Addison v. North Carolina Dep't of Crime and Pub. Safety*, 851 F.Supp. 214, 217-18 (M.D. N.C. 1994). *See also, Doe v. Martinez*, 674 F. Supp.2d 1282 (D.N.M. 2009).

In this case Defendants committed an egregious violation of the removal statutes in removing not only to the wrong district, but to the wrong state. Further, this action concerns real property in New York, subject to New York law. Counsel for Plaintiffs notified Defendants shortly after the removal notice was filed that they had removed the action in violation of § 1441 and that Plaintiffs would be forced to file a motion to remand with a request for fees if Defendants' did not withdraw the notice of removal. (Brown Aff. ¶¶7-8) Defense counsel refused to withdraw the removal notice and instead proposed that the parties consent to transfer of the case to the United States District Court for the Western District of New York.  Plaintiffs' counsel refused that offer. (Brown Aff. ¶¶13-14) Unlike some of the cases cited by Defendants, Plaintiffs have objected to Defendants' "procedural error" and have not waived it. Defendants' blatant attempt to bypass the removal statutes venue provisions should not be rewarded with transfer to the correct district court.  Rather, review of the "interests of justice" shows that Defendants' actions have wasted judicial resources as well as the resources of the parties and delayed this action.  Accordingly, Plaintiffs' Motion to Remand is granted.

Plaintiffs also move for costs and attorneys fees.  Pursuant to 28 U.S.C. § 1447(c), an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In exercising its broad discretion under § 1447(c), a district court must consider what is "fair and equitable under the circumstances."

*Morris v. Bridgestone /Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir.1993). A finding of improper purpose or bad faith is not necessary to support an award under § 1447(c). *Id.* An award of fees is inappropriate where the defendant's attempt to remove the case to the federal court was fairly supportable. *See Schmitt v. Ins. Co.,* 845 F.2d 1546, 1552 (9th Cir.1988).

Defendants' attempt to remove this action to the Northern District of Ohio clearly violates the removal statutes and is in no way "fairly supportable." Defendants were put on notice and given opportunities to withdraw the removal notice before Plaintiffs were forced to file their motion to remand. Defendants' improper removal caused Plaintiffs to incur fees and costs to retain counsel in Ohio, in addition to New York counsel, to seek remand. As such, the Court finds that an award of costs and expenses, including attorneys fees, is fair and reasonable in this situation. Accordingly, Plaintiffs' request for just costs and attorneys fees is granted. Plaintiffs shall file an affidavit and supporting material to establish the amount of costs, including attorneys fees, that were expended in connection with their motion to remand on or before August 15, 2011. Defendants may respond by August 22, 2011.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand and for an award of just costs, including attorney fees (ECF #11) is GRANTED. Therefore, this action is REMANDED to the New York Supreme Court in Chautauqua County, New York. IT IS SO ORDERED.

    *Donald C. Nugent*  
    JUDGE DONALD C. NUGENT

DATED: August 8, 2011