IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY D. WELGS, *et al.*, | ) | CASE NO. 1:11 CV 1241 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL A. DOLAN, *et al.*, | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the issue of costs and attorneys fees to be awarded pursuant to 28 U.S.C. § 1447(c). On August 8, 2011, this Court remanded this action to the Supreme Court of New York in Chautauqua County, New York and further granted Plaintiffs' Motion for Costs, including attorneys fees. (ECF #20) In accordance with that Order, Plaintiffs filed the Affidavit of Marc W. Brown to Establish the Amount of Costs and Fees along with the Affidavit of its Cleveland counsel, Ann Marie Hawkins. (ECF #23). Defendants filed a Memorandum in Opposition to the Affidavit of Marc Brown for Fees and Costs, including the affidavit of a local attorney, Gary W. Johnson, who offers an expert opinion of the fees sought by Plaintiffs. (ECF #26).

Plaintiffs seek fees from the date the action was removed through the date of remand. Defendants contend that only the costs related to researching and briefing a motion to remand may be recovered under 28 U.S.C. § 1447(c). *See Marel v. LKS Acquisitions, Inc.*, 2010 WL 1372412 (S.D. Ohio). 28 U.S.C. § 1447(c) provides in relevant part, "[a]n order remanding the case may require payment of just costs and any actual expenses,

including attorney fees, incurred as a result of the removal." Thus, under the plain language of § 1447(c), costs that may be incurred as a result of removal include fees associated with motions to appear *pro hac vice* as well as fees associated with filing a motion to remand.[1] However, fees associated with other aspects of the underlying litigation not specifically related to the removal of the action would not be recoverable under §1447. Moreover, the expenses and fees must be "just" or reasonable. General overhead and administrative costs related to litigation will not be awarded.

In reviewing Plaintiffs' fee request, the time submitted by paralegals Karen Kawczynski and Edith Maggiotto was disregarded as being an overhead or administrative expense. The time billed by the Phillips Lytle attorneys was reviewed and in some cases reduced to eliminate time spent on matters not related to removal, or to exclude activities that were administrative in nature. Thus, the hours billed by Mr. Brown will be reduced to 42 hours at his billing rate of $255 per hour. The hours billed by Mr. Peterson will be reduced to 1.6 at his billing rate of $320 per hour. The total fees and expenses that will be allowed for the Phillips Lytle firm is $11341.60 which is comprised of $11,330 in attorneys fees and $11.60 in duplicating costs.[2]

Moving on to the fees requested for the services of local counsel, Plaintiffs submit the affidavit of Ann Marie Hawkins, the managing member of Hawkins and Company,

---

[1] Plaintiffs' counsel would not have to engage local counsel or file *pro hac vice* motions if Defendants had not removed the action. Thus, such costs are incurred as a result of removal.

[2] The $1,474.94 asserted as computerized research costs is an overhead expense.

LLC. Ms. Hawkins states that her hourly rate is $325.00 per hour and that the hourly rate for Ellen Brooks is $190.00 per hour. She also attaches an invoice for professional services rendered for the period June 23, 2011 - August 9, 2011. The invoice does not designate which attorney performed the itemized work on any given day. The only attorney from Hawkins and Company to enter an appearance in this case is Ellen Brooks. After reviewing the itemized invoice the hours billed will be reduced to 22. The Court will assume that 20 of those hours were billed by Ms. Brooks and 2 were billed by Ms. Hawkins. The total amount of fees that will be allowed for the Hawkins and Company firm is $4,450.00. Accordingly, Plaintiffs will be awarded costs and fees in the amount of $15,791.60.

    IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: September 14, 2011